IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PATRICK CASHMAN, | No. 3:22-cv-01359-AR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| UNITED STATES GENERAL SERVICES ADMINISTRATION, | |
| Defendant. | |

**BAGGIO, District Judge:**

Plaintiff Patrick Cashman ("Plaintiff"), who is proceeding pro se, brings a failure to act claim against Defendant United States General Services Administration ("Defendant") and is asking the court to compel Defendant to enforce a deed restriction in the City of Portland (the "City") on the former SFC Jerome F. Sears Army Reserve Center (the "Property"). Complaint ("Compl.", ECF 1). Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Motion to Dismiss ("Mot. Dismiss", ECF 7); *see also* Defendant's Supplemental Brief ("Supp. Brief", ECF 23), at 4.

On December 20, 2024, Magistrate Judge Jeff Armistead issued his Findings and Recommendation ("F&R", ECF 27), finding that there is no longer a deed restriction for Defendant to enforce, and, therefore, Plaintiff's failure to act claim is moot. F&R, at 11. Judge Armistead

1 – OPINION AND ORDER

recommends that this Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's failure to act claim with prejudice. *Id.* at 16. On December 31, 2024, Plaintiff filed objections to the F&R ("Obj.", ECF 29) and Defendant responded ("Resp. to Obj.", ECF 30). For the reasons discussed, this Court ADOPTS in part and MODIFIES in part the F&R.

## I. LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. 28 U.S.C. § 636(b)(1)(B), (C). If a party objects, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Id.* § 636(b)(1)(C). The court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). While the level of scrutiny that the court applies to its F&R review depends on whether a party has filed objections, the court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C); *see also Thomas*, 474 U.S. at 154.

## II. DISCUSSION

### A. Plaintiff's New Evidence

Plaintiff objects to the magistrate court's finding that the City paid the fair market value of the property because, according to Plaintiff, neither Defendant nor the City conducted an appraisal in violation of 40 U.S.C § 553(e), 41 C.F.R. 102-75.300, and Defendant's Policy Memorandum (ECF 8), Ex. 1. Obj., at 2. To illustrate his contention, Plaintiff submits two exhibits with his Objections, described as the "publicly available historic City assessment" ("Exhibit 1") and the City Emergency Ordinance 191390 ("Exhibit 2"). *Id.* at 3-4, Ex. 1, & Ex. 2. Plaintiff explains that

the exhibits were not provided in prior pleadings because the magistrate court, in the F&R, created a "wholly new claim" by defining the fair market value of the Property as $3,000,000. *Id.* at 3.

A district court has discretion whether to consider new evidence presented for the first time in a party's objections to F&Rs. *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). In the exercise of discretion, the Court will consider Plaintiff's evidence not previously presented to the magistrate court. *Howell*, 231 F.3d at 621-22. As to Exhibit 1, an earlier version was previously provided to the magistrate court. *See* Objection to Supplemental Factual Information ("Obj. to Supp.", ECF 19), Ex. 1. Nevertheless, Exhibit 1 is speculative and therefore insufficient to overcome the magistrate court's finding that Plaintiff's failure to act claim is moot. Exhibit 2 is the City ordinance in conjunction with this case. The Court could take judicial notice of the City ordinance and is therefore not a fact in dispute. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that judicial notice may be taken of public records); *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977) ("city ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice.").

The Court has considered Plaintiff's new evidence and finds the evidence is insufficient to overcome the magistrate court's finding that Plaintiff's failure to act claim is moot. The Court adopts the F&R's recommendation to dismiss Plaintiff's failure to act claim.

**B. Plaintiff's Failure to Act Claim is Dismissed Without Prejudice**

The magistrate court recommends that this Court dismiss Plaintiff's claim with prejudice because Plaintiff's claims are moot and no exception to the mootness doctrine applies. *Id.* at 15.

Dismissals for lack of subject matter jurisdiction "must be without prejudice[.]" *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017). Mootness is a jurisdictional issue based on the requirement of a case or controversy under Article III. *Tur v. YouTube, Inc.*, 562 F.3d

1212, 1214 (9th Cir. 2009) ("[A] dismissal for mootness is a dismissal for lack of jurisdiction, and a court that has no jurisdiction cannot enter a judgment with preclusive effect.") (quoting *In re Pattullo*, 271 F.3d 898, 901 (9th Cir. 2001)); *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). When a case is moot, there is no longer a live case or controversy over which a federal court has Article III jurisdiction. *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000). Because Plaintiff's failure to act claim is dismissed as moot, it must be dismissed without prejudice. Accordingly, the F&R is modified—Plaintiff's failure to act claim is dismissed without prejudice.[1]

### III. CONCLUSION

The Court ADOPTS in part and MODIFIES in part Judge Armistead's Findings and Recommendation (ECF 27). Defendant's Motion to Dismiss (ECF 7) is GRANTED. Plaintiff's claim against Defendant for failure to act is DISMISSED without prejudice. Any motion to amend

/ / /

/ / /

/ / /

---

[1] The parties have not offered arguments regarding whether Plaintiff's injuries establish Article III, constitutional standing. *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1058 (9th Cir. 2023) ("Article III standing may be raised *sua sponte* by the court at any time."). Standing contains three elements: (1) "an injury in fact that is both concrete and particularized and actual or imminent"; (2) "the plaintiff's injury must be fairly traceable to the challenged action of the defendant"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023) (internal quotation marks and citation omitted). The only plausible concrete and particularized injury Plaintiff raises is that he is "confronted by the unpermitted, zoning violating, noncompliant uses on a daily basis . . . due to the sites [*sic*], sounds, smells, rubbish[.]" Compl., at 7. Even if Plaintiff adequately alleges a concrete and particularized injury, Plaintiff's requested relief does not address redressability of the injury. That is, he does not explain how enforcing the deed restriction will resolve the alleged injuries he experiences. Accordingly, if Plaintiff chooses to amend his complaint, he must adequately plead Article III standing.

the complaint must conform with this Order and be filed within thirty days of the date that this Order is filed.

      IT IS SO ORDERED.

      DATED this <u>4th</u> day of February, 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

5 – OPINION AND ORDER